PREGERSON, Circuit Judge,
dissenting in part:
I dissent from the majority’s conclusion that California is acting outside the realm of traditional state responsibility, and that field preemption applies. Where a State acts within its “traditional competence,” the Supreme Court has suggested that conflict preemption, not field preemption, is the appropriate doctrine. Am. Ins. Ass’n v. Garamendi, 539 U.S. 396, 420 n. 11, 123 S.Ct. 2374, 156 L.Ed.2d 376 (2003). Garamendi counsels that field preemption would apply “[i]f a State were simply to take a position on a matter of foreign policy with no serious claim to be addressing a traditional state responsibility....” Id. That is not the case here.
It is undisputed that property is traditionally regulated by the State. The majority acknowledges that California has a legitimate interest in regulating museums and galleries, and that California Code of *1032 Civil Procedure § 354.3 “addresses the problem of Nazi-looted art currently hanging on the walls of the state’s museums and galleries.” Maj. Op. at 1026. However, the majority goes on to hold that because Section 354.3 applies to any museum or gallery, “California has created a worldwide forum for the resolution of Holocaust restitution claims,” and that the State is therefore acting outside the scope of its traditional interests. Maj. Op. at 1027.
The majority reads the statute far too broadly. A reasonable reading of “any museum or gallery” would limit Section 354.3 to entities subject to the jurisdiction of the State of California. Because California has a “serious claim to be addressing a traditional state responsibility,” it is clear that Garamendi requires us to apply conflict preemption, not field preemption.
The majority’s reliance on Deutsch v. Turner, 324 F.3d 692 (9th Cir.2003) is misplaced. The statute in Deutsch, California Code of Civil Procedure § 354.6, allowed recovery for slave labor performed “between 1929 and 1945, [for] the Nazi regime, its allies and sympathizers, or enterprises transacting business in any of the areas occupied by or under control of the Nazi regime or its allies and sympathizers.” This court held that California impermissibly intruded upon the power of the federal government to resolve war by enacting the Deutsch statute “with the aim of rectifying wartime wrongs committed by our enemies Id. at 708, 711(em-phasis added).
The majority concludes that Section 354.3 suffers from a “fatal similarity” to the Deutsch statute because Section 354.3 applies to looted artwork. Maj. Op. at 1027. I do not agree. The majority overlooks significant differences between the Deutsch statute and Section 354.3. First, as discussed above, here California has acted within the scope of its traditional competence to regulate property over which it has jurisdiction. Furthermore, unlike the statute in Deutsch, Section 354.3 does not target enemies of the United States for wartime actions. Nor, contrary to the majority’s characterization, does Section 354.3 provide for war reparations.[1] Maj. Op. at 1028.
Here, Appellee, a museum located in California, acquired stolen property in 1971. Appellant now seeks to recover that property. I fail to see how a California statute allowing such recovery intrudes on the federal government’s power to make and resolve war.
I would reverse the district court. As the majority correctly holds, Section 354.3 does not conflict with federal policy. However, California has acted within its traditional competence, and field preemption should not apply. Accordingly, I dissent in part.

. Black’s Law Dictionary defines reparation as "[cjompensation for an injury or wrong, esp. for wartime damages or breach of an international obligation.” Black’s Law Dictionary 1325 (8th ed.2004). Section 354.3 allows only for the recovery of stolen art.